T.C. Memo. 1998-436


UNITED STATES TAX COURT


ANARGYROS GEORGE MYLONAS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20654-97.          Filed December 14, 1998.

Anargyros George Mylonas, pro se.

Marilyn S. Ames, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


MARVEL, Judge: Respondent determined the following deficiencies, additions to tax, and accuracy-related penalties for the taxable years 1992 and 1993:

|       |            | Additions to Tax | | Penalty |
|       |            | Sec. | | Sec. |
| Year | Deficiency | 6651(a)(1) | Sec. 6654 | 6662(a) |
| 1992 | $19,240 | $4,810.25 | -- | $3,848 |
| 1993 | 58,255 | 14,564.00 | $2,440.84 | -- |

After concessions, the only issue remaining for decision is whether petitioner is liable for the addition to tax authorized by section 6651(a)(1)[1] for the taxable year 1993 in the amount of $13,292.[2]  We hold that he is.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner Anargyros George Mylonas resided in Houston, Texas, at the time he filed his petition.  At all times relevant, petitioner owned and operated a nightclub (club) which he reported for tax purposes as a Schedule C business.

During 1993 and 1994, petitioner worked long and demanding hours at his club.  In addition to operating his club, petitioner was renovating it, performing at least some of the work himself. Working at the club or renovating it occupied most of petitioner's time during 1993 and 1994.

---

[1]All section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]In a stipulation of agreed adjustments, the parties have stipulated revised tax deficiencies for the taxable years 1992 and 1993 and the amount of the addition to tax under sec. 6651(a)(1) which is at issue for 1993.

Petitioner knew that he was required to file a Federal income tax return for the taxable year 1993. Petitioner also knew that the original deadline for filing his 1993 return was April 15, 1994. In fact, he obtained an extension of that deadline. However, petitioner failed to file his 1993 return by the extended deadline.

Petitioner explained his failure to file by pointing out that he was "too busy to * * * do everything." However, if petitioner had known that his failure to file was going to cost him so much money, he would have closed the club for a week and taken the steps necessary to file his return on time.

After conducting an audit with respect to petitioner's income tax liability for the taxable years 1992 and 1993, respondent determined petitioner's Federal income tax liability for those years. Respondent also determined that petitioner was liable for the addition to tax under section 6651(a)(1) for 1992 and 1993, for the addition to tax under section 6654 for 1993, and for the accuracy-related penalty under section 6662(a) for 1992.

The parties have entered into a stipulation of agreed adjustments which resolves all issues in this case except petitioner's liability for the addition to tax under section 6651(a)(1) for 1993. As part of that stipulation, the parties have agreed that the deficiency in income tax for the taxable

year 1993 is $53,167 and that the amount of the addition to tax in dispute for 1993 under section 6651(a)(1) is $13,292.

OPINION

Section 6651(a)(1) requires a taxpayer to pay an addition to tax whenever the taxpayer fails to file his Federal income tax return by its due date (determined with regard to any extension of time to file) unless the taxpayer shows that his failure to file a timely return is due to reasonable cause and not due to willful neglect. The addition to tax equals 5 percent of the tax required to be shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed 25 percent in the aggregate. Sec. 6651(a)(1).

In this case, respondent seeks to impose the addition to tax under section 6651(a)(1) because petitioner failed to file his Federal income tax return for the taxable year 1993 by its extended due date. Petitioner, contending that he should not be liable for the addition to tax, asserts that he had reasonable cause for his failure to file.

In order to avoid the liability for the addition to tax under section 6651(a)(1), a taxpayer who fails to file a return must prove (1) that the failure to file was "due to reasonable cause" and (2) that the failure to file a timely return did not

result from "willful neglect."[3]  <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Brittingham v. Commissioner</u>, 66 T.C. 373, 415 (1976), affd. on other grounds 598 F.2d 1375 (5th Cir. 1979); <u>Electric & Neon, Inc. v. Commissioner</u>, 56 T.C. 1324, 1342 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974).

The term "reasonable cause" is not defined by section 6651(a)(1).  However, section 301.6651-1(c)(1), Proced. & Admin. Regs., gives some guidance.  The pertinent part of that regulation provides that, "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause."  Although the regulation does not explain what constitutes "ordinary business care and prudence", the Supreme Court in <u>United States v. Boyle</u>, <u>supra</u> at 246 n.4, emphasized that, at a minimum, it must mean an absence of fault:

> Congress obviously intended to make absence of fault a prerequisite to avoidance of the late-filing penalty. * * *  A taxpayer * * * must therefore prove that his failure to file on time was the result neither of carelessness, reckless indifference, nor intentional failure.  Thus, the Service's correlation of "reasonable cause" with "ordinary business care and prudence" is consistent with Congress' intent, and over 40 years of case law as well.  That interpretation merits deference. [Citations omitted.]

---

[3]In view of our ruling regarding reasonable cause, we need not consider whether petitioner's failure to file was due to "willful neglect".

In this case, petitioner has not demonstrated an absence of fault. Petitioner made an ill-informed decision to concentrate on running his business while ignoring his tax-filing obligation. Petitioner failed to take any steps to prepare or file his tax return by the extended deadline. At trial, petitioner explained this failure by pointing out that he was "too busy to * * * do everything." Reflecting the wisdom of hindsight, petitioner admitted at trial that, if he had known his failure to file his return was going to cost him so much money, he would have closed his business for a week and taken the steps necessary to file his return on time.

Petitioner's conduct and his justification of it do not reflect the ordinary business care and prudence necessary to establish reasonable cause under section 6651(a)(1). Since petitioner has failed to show that his failure to file his return for 1993 was due to reasonable cause, we hold that petitioner is liable for the addition to tax under section 6651(a)(1) for 1993.

To reflect the foregoing and concessions set forth in the stipulations of the parties,

<u>Decision will be entered in accordance with this opinion and the stipulations of the parties</u>.